Appeal of MRS. C. B. STATON.          Docket No. 1934.

Taxpayer purchased real estate in 1917 for $15,000 and in 1919 conveyed it to another, and on the same day there was conveyed to her by a third person other real estate, both deeds reciting a cash consideration of $30,000. The evidence not being clear as to whether the cash was paid to taxpayer and by her used in purchasing from such third person or whether it passed directly between the latter and taxpayer's grantee, *held*, that taxpayer realized a profit of $15,000 because (1) if the transaction was a sale by taxpayer, a gain unquestionably was realized, and (2) if it was an exchange, the cash consideration of $30,000 clearly established the fair market value of the property received by taxpayer.

Submitted April 15, 1925; decided May 23, 1925.

*Harry C. Weeks, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income taxes for the year 1919 in the amount of $2,197.41, and raises the question whether the taxpayer realized taxable income upon the disposition of certain real estate in Wichita Falls, Tex. From the pleadings, depositions, and documentary evidence the Board makes the following

FINDINGS OF FACT.

In 1917 the taxpayer purchased for $15,000 lot 7 in block 165, Wichita Falls, Tex., upon which was a small frame dwelling which she rented for $20.50 per month. On January 9, 1919, she conveyed the property to J. A. Kemp, the deed reciting a cash consideration of $30,000. On the same day there was conveyed to her by J. T. M. Johnson a tract 50 by 150 feet, being the east one-third of lots 8, 9, and 10, block 164, Wichita Falls, Tex., the deed therefor stating a cash consideration of $30,000. Both tracts were in the business section of the city. The one acquired by the taxpayer was improved with a one-story brick building 50 by 130 feet, which had been completed on September 3, 1917, and was under lease to S. Bemrod for a period of five years from completion at a monthly rental of $153.40. The property was taken subject to this lease. Local taxes for 1919 on this property were $695; the cost of fire and tornado insurance on the building for that year was $156.80.

Transactions in real estate in the business district of Wichita Falls between October 1, 1918, and March 1, 1919, were as follows: Fourteen sales of vacant lots and lots the improvements upon which were old. By these conveyances the various purchasers acquired one, two, or three lots on corners upon which they erected new improvements. Seven of the conveyances show the acquisition by a bank of the different outstanding interests in two lots upon which a 12-story building was subsequently erected. There was a sale and resale of two vacant lots not shown to have been improved by either purchaser; two exchanges of the same lot and building—in one the grantor received in part payment a dwelling in Wichita Falls, the

other transfer was in part consideration for a farm in Oklahoma acquired by the grantor; two purchases of buildings by the tenants then occupying them who continued their businesses, a paint and paper store, and a moving-picture show, in their respective locations; miscellaneous sales, consisting of a transfer of a one-third interest in a lot; a transfer of a strip off the back end of a lot to the owner of the front; a sale of a building on terms to the owners of the adjacent property to furnish an outlet to the alley; a sale of a hotel building to a person who thereafter operated the hotel; the sale of lots 8, 9, and 10, block 164, to J. T. M. Johnson for $80,000. This latter transfer included the property subsequently received by the taxpayer. The west two-thirds of these lots, upon which there was a small hotel or rooming house more than 30 years old, was sold by Johnson on January 20, 1919, for $125,000.

The taxpayer reported no gain from the transaction in question on the ground that it was an exchange of property for property having no fair market value, due to the lease, and that there were no sales of similar property at or about that time. The Commissioner determined a deficiency based on a profit of $15,000 arising from the transaction, from which determination this appeal is taken.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MORRIS: It is not clear from the evidence whether the cash consideration recited in the deed was paid to the taxpayer and she purchased Johnson's property or whether Kemp paid Johnson directly resulting in an exchange between the taxpayer and Johnson. If it was a sale by the taxpayer there can be no question of the gain derived therefrom; if an exchange, it is our opinion that the cash consideration of $30,000 involved in the transaction clearly establishes the fair market value of the property received by the taxpayer at that amount.